UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD R. JOHNSON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>G. MATTESON, Warden,<br><br>　　　　　　Respondents. | No. 2:23-cv-00971-DJC-EFB (HC)<br><br><br>ORDER |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He was convicted of second degree murder and sentenced to a term of fifteen years to life with the possibility of parole. ECF No. 1 at 2, 9. He claims that the May 25, 2022, denial of parole by the Board of Parole Hearings deprived him of due process and unconstitutionally extended his term of confinement. *Id.* at 5-6.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to

/////

---

[1] On July 5, 2023, the undesigned recommended that this action be dismissed because petitioner had neither paid the filing fee nor sought leave to proceed in forma pauperis. ECF No. 9. Petitioner subsequently filed an application for leave to proceed in forma pauperis and paid the filing fee. ECF No. 11. That application is denied as unnecessary and the findings and recommendations are withdrawn.

1  relief . . . ." The court has conducted the review required under Rule 4 and concludes that
2  summary dismissal of the petition is required.

3        A prisoner's claim which, if successful, would not necessarily lead to immediate or
4  speedier release falls outside the "core of habeas corpus" and must be pursued in an action
5  brought pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Here,
6  success on petitioner's challenge to the denial of parole would not necessarily lead to his
7  immediate or speedier release. At best, it could result in the advancement of petitioner's next
8  parole suitably hearing. For this reason alone, petitioner is not entitled to relief.

9        Moreover, any due process claim arising from the May 25, 2022 denial of parole fails on
10 its merits. California's parole statutes give rise to a liberty interest protected by the federal Due
11 Process Clause. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In California, a prisoner is
12 entitled to release on parole unless there is "some evidence" of his current dangerousness. *In re*
13 *Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 616, 651-53
14 (2009). However, the U.S. Supreme Court has made clear that "[n]o opinion of [theirs] supports
15 converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout*,
16 131 S. Ct. at 220-21. The Court specifically rejected the notion that there can be a valid claim
17 under the Fourteenth Amendment for insufficiency of evidence presented, or relied upon, at a
18 parole proceeding. *Id.* at 220-22. Rather, the Court instructed that the protection afforded by the
19 federal Due Process Clause to California parole decisions consists solely of the "minimum"
20 procedural requirements, specifically, "an opportunity to be heard and . . . a statement of the
21 reasons why parole was denied." *Id.* at 220. Here, petitioner does not allege he was denied an
22 opportunity to be heard or that he was denied a statement of reasons for the denial of parole.
23 Even if he had, the case file demonstrates that these protections were afforded to petitioner at the
24 May 25, 2022 parole suitability hearing. *See* ECF No. 1-1 at 2, 57-68. Thus, under *Swarthout,*
25 the petitioner was afforded all the process he was due relative to his parole hearing.

26       Furthermore, petitioner's excessive punishment claim fails as a matter of law. "There is
27 no constitutional or inherent right of a convicted person to be conditionally released before the
28 expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S.

1, 7 (1979). Even a life sentence for murder *without* the possibility of parole does not constitute cruel and unusual punishment. *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1992). Thus, the Board's failure to set a release date for petitioner, an indeterminately sentenced inmate, is simply not cognizable on federal habeas review. *See Carr v. Rackley*, No. 2:16-cv-1364-MCE-KJN P, 2017 U.S. Dist. LEXIS 54645, at *3-6 (E.D. Cal. Apr. 10, 2017).

Accordingly, IT IS ORDERED that petitioner's application for leave to proceed in forma pauperis (ECF No. 11) is DENIED as unnecessary and the July 5, 2023 findings and recommendations (ECF No. 9) are WITHDRAWN.

Further, IT IS RECOMMENDED that petitioner's application for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 28, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE